UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS FAIR HOUSING CENTER; INTERMOUNTAIN FAIR HOUSING COUNCIL; SAN ANTONIO FAIR HOUSING COUNCIL, INC., d/b/a FAIR HOUSING COUNCIL OF SOUTH TEXAS; and HOUSING RESEARCH AND ADVOCACY CENTER, d/b/a FAIR HOUSING CENTER FOR RIGHTS & RESEARCH, INC., *on behalf of themselves and all those similarly situated,*<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; SCOTT TURNER, *in his official capacity as Secretary of Housing and Urban Development*; U.S. DOGE SERVICE; U.S. DOGE SERVICE TEMPORARY ORGANIZATION; and AMY GLEASON, *in her official capacity as Acting Administrator of U.S. DOGE Service and U.S. DOGE Service Temporary Organization*,<br><br>　　　　　Defendants. | Civil Action No. 3:25-cv-30041<br><br>**REQUEST FOR ORAL ARGUMENT ON AN EMERGENCY BASIS** |

**PLAINTIFFS' EMERGENCY
MOTION FOR PROVISIONAL CLASS CERTIFICATION**

　　　Named Plaintiffs Massachusetts Fair Housing Center, Intermountain Fair Housing Council, San Antonio Fair Housing Council d/b/a Fair Housing Council of South Texas, and Housing Research and Advocacy Center d/b/a Fair Housing Center for Rights and Research, on behalf of themselves and all those similarly situated, respectfully move this court under Federal Rules of Civil Procedure 23(a), (b)(2), and (g) to provisionally certify on an emergency basis the

proposed class and appoint the Named Plaintiffs and their undersigned counsel to represent the interests of the class.

The requirements of class certification pursuant to Rule 23(a) and (b)(2) are easily met in this case: Joinder of sixty-six class members would be impracticable due to the sheer size of the class, their wide geographic distribution, and judicial economy. With respect to the requirements of Rule 23(a)(2), (a)(3), and (b), Defendants made a single decision to simultaneously terminate the FHIP grants and provided an identical (and inadequate) explanation for their decision. The questions about the legality of that decision are common across all class members and their injuries can be remedied by the same injunctive and declaratory relief. And both Named Plaintiffs and class counsel can adequately represent the class: There are no conflicts between Named Plaintiffs and other class members and class counsel has extensive experience litigating class actions, challenging government agency action, and litigating on behalf of fair housing plaintiffs.

In support of this motion, Named Plaintiffs submit the accompanying Memorandum in Support of Plaintiffs' Emergency Motion for Provisional Class Certification and incorporate by reference the contemporaneously filed Complaint, Emergency Motion for a Temporary Restraining Order, and Memorandum of Law in Support of Plaintiffs' Emergency Motion for a Temporary Restraining Order.

WHEREFORE, Named Plaintiffs respectfully request that this Court provisionally certify a class of all FHIP grantees who had grants terminated based on a decision, as communicated through a February 27 form letter, to terminate the grants pursuant to Executive Order 14158, at the direction of the Department of Government Efficiency, on the basis that the grant award "no

longer effectuates the program goals or agency priorities," and appoint the Named Plaintiffs and their undersigned counsel to represent the interests of the class.

EMERGENCY REQUEST FOR ORAL ARGUMENT

Named Plaintiffs believe that oral argument may assist the Court in deciding this motion and respectfully request to be heard.

Date: March 13, 2025　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　/s/ Daniel Ordorica
　　　　　　　　　　　　　　　　　　　　　　　Daniel Ordorica (BBO # 705729)
　　　　　　　　　　　　　　　　　　　　　　　HEISLER, FELDMAN, & ORDORICA, P.C.
　　　　　　　　　　　　　　　　　　　　　　　293 Bridge Street, Suite 322
　　　　　　　　　　　　　　　　　　　　　　　Springfield, MA 01103
　　　　　　　　　　　　　　　　　　　　　　　Tel:(413)788-7988
　　　　　　　　　　　　　　　　　　　　　　　Fax:(413)788-7996
　　　　　　　　　　　　　　　　　　　　　　　dordorica@hfmgpc.com

　　　　　　　　　　　　　　　　　　　　　　　Lila Miller*
　　　　　　　　　　　　　　　　　　　　　　　Reed Colfax*
　　　　　　　　　　　　　　　　　　　　　　　Zoila Hinson*
　　　　　　　　　　　　　　　　　　　　　　　Rebecca Livengood*
　　　　　　　　　　　　　　　　　　　　　　　Yiyang Wu*
　　　　　　　　　　　　　　　　　　　　　　　Robert Hunter*
　　　　　　　　　　　　　　　　　　　　　　　RELMAN COLFAX PLLC
　　　　　　　　　　　　　　　　　　　　　　　1225 19th Street, N.W., Suite 600
　　　　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20036
　　　　　　　　　　　　　　　　　　　　　　　Tel: 202-728-1888
　　　　　　　　　　　　　　　　　　　　　　　Fax: 202-728-0848
　　　　　　　　　　　　　　　　　　　　　　　lmiller@relmanlaw.com
　　　　　　　　　　　　　　　　　　　　　　　rcolfax@relmanlaw.com
　　　　　　　　　　　　　　　　　　　　　　　zhinson@relmanlaw.com
　　　　　　　　　　　　　　　　　　　　　　　rlivengood@relmanlaw.com
　　　　　　　　　　　　　　　　　　　　　　　ywu@relmanlaw.com
　　　　　　　　　　　　　　　　　　　　　　　rhunter@relmanlaw.com
　　　　　　　　　　　　　　　　　　　　　　　* pro hac vice application pending

## **LOCAL RULE 7.1 CERTIFICATION**

Plaintiffs' Counsel certify that on March 13, 2025, at 11:07 AM, they contacted the following individuals at the U.S. Department of Justice by electronic mail to provide notice of this motion:

Eric J. Hamilton
Deputy Assistant Attorney General, Federal Programs Branch
eric.hamilton@usdoj.gov

Alex Haas
Co-Director, Federal Programs Branch
alex.haas@usdoj.gov

Diane Kelleher
Co-Director, Federal Programs Branch
diane.kelleher@usdoj.gov

John Griffiths
Co-Director, Federal Programs Branch
john.griffiths@usdoj.gov

Rayford Farquhar
Chief, Defensive Litigation, Civil Division
U.S. Attorney's Office for the District of Massachusetts
rayford.farquhar@usdoj.gov

Plaintiffs have not yet had an opportunity to meet and confer with Defendants' counsel but are proceeding with this filing given the need for prompt relief, as set forth in the accompanying memorandum of law.

/s/ Daniel Ordorica
Daniel Ordorica (BBO # 705729)
HEISLER, FELDMAN, & ORDORICA, P.C.
293 Bridge Street, Suite 322
Springfield, MA 01103
Tel:(413)788-7988
Fax:(413)788-7996
dordorica@hfmgpc.com

*Counsel for Plaintiffs*