UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 25-30041-RGS

MASSACHUSETTS FAIR HOUSING CENTER;
INTERMOUNTAIN FAIR HOUSING COUNCIL;
SAN ANTONIO FAIR HOUSING COUNCIL, INC., d/b/a
FAIR HOUSING COUNCIL OF SOUTH TEXAS; and
HOUSING RESEARCH AND ADVOCACY CENTER, d/b/a
FAIR HOUSING CENTER FOR RIGHTS & RESEARCH, INC.,
on behalf of themselves and all those similarly situated

v.

THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
and SCOTT TURNER, in his official capacity as
Secretary of Housing and Urban Development[1]

TEMPORARY RESTRAINING ORDER

March 26, 2025

STEARNS, D.J.

Upon consideration of plaintiffs' Emergency Motion for a Temporary Restraining Order (and the Memorandum and Exhibits in support thereof), defendants' Opposition to that motion, plaintiffs' Reply, and the March 25, 2025 hearing, and for the reasons discussed in depth in *California v. U.S.*

---

[1] Plaintiffs have withdrawn the portion of their motion seeking to enjoin U.S. DOGE Service, U.S. DOGE Service Temporary Organization, and Amy Gleason, in her official capacity as Acting Administrator of U.S. DOGE Service and U.S. DOGE Service Temporary Organization. *See* Reply [Dkt # 29] at 1. The court accordingly omits these parties from the caption for the purposes of this Order.

*Department of Education*, 2025 WL 878431, at *1 (1st Cir. Mar. 21, 2025), and *California v. U.S. Department of Education*, 2025 WL 760825, at *5 (D. Mass. Mar. 10, 2025),[2] the motion is ALLOWED.  It is hereby ORDERED that, until further order is issued by this court:

    1.    Defendants shall immediately restore plaintiffs to the pre-existing status quo by reinstating any Fair Housing Initiatives Program (FHIP) grants terminated by means of the February 27, 2025 Termination Letter;

    2.    Defendants are temporarily enjoined from implementing, giving effect to, maintaining, or reinstating under a different name the February 27, 2025 Termination Letter;

    3.    Defendants are temporarily enjoined from terminating any FHIP grant, except to the extent the final agency action is consistent with the Congressional authorization and appropriations, relevant federal statutes, including the requirements of the Administrative Procedure Act, 5 U.S.C. §§ 551 *et seq.*, relevant implementing regulations, grant terms and conditions, and this Order;

---

[2] Because (as explained at the March 25 hearing) the court sees no meaningful way to distinguish this case from *California v. U.S. Department of Education*, and because the court's exercise of discretion is constrained by the rulings of the First Circuit, the court adopts the First Circuit's reasoning in full here.

4. By close of business on March 27, 2025, defendants shall provide notice of this Order to their employees and anyone acting in concert with them, and to all recipients of the February 27, 2025 Termination Letter;

5. By close of business on March 28, 2025, defendants shall file a status report with the court confirming their compliance with this Order;

6. This Order shall become effective immediately upon entry by this court and shall remain in effect for 14 days; and

7. By close of business on March 28, 2025, the parties shall address the need for any additional briefing as to the propriety of entering a preliminary injunction in this case and, if applicable, jointly propose a briefing schedule. The court will schedule a hearing on any request for a preliminary injunction in due course.

SO ORDERED.

/s/ Richard G. Stearns  
UNITED STATES DISTRICT JUDGE