### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS FAIR HOUSING CENTER; INTERMOUNTAIN FAIR HOUSING COUNCIL; SAN ANTONIO FAIR HOUSING COUNCIL, INC., d/b/a FAIR HOUSING COUNCIL OF SOUTH TEXAS; and HOUSING RESEARCH AND ADVOCACY CENTER, d/b/a FAIR HOUSING CENTER FOR RIGHTS & RESEARCH, INC., *on behalf of themselves and all those similarly situated*, | Civil Action No. 3:25-cv-30041-RGS |
| *Plaintiffs*, | Judge Richard G. Stearns |
| v. | |
| THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; SCOTT TURNER, *in his official capacity as Secretary of Housing and Urban Development*; U.S. DOGE SERVICE; U.S. DOGE SERVICE TEMPORARY ORGANIZATION; and AMY GLEASON, *in her official capacity as Acting Administrator of U.S. DOGE Service and U.S. DOGE Service Temporary Organization*, | |
| *Defendants*. | |

### PLAINTIFFS' PROPOSED BRIEFING SCHEDULE

Plaintiffs intend to oppose Defendants' Motion to Dissolve the Temporary Restraining Order ("TRO") and Stay Proceedings, Dkt. 37 (hereinafter "Motion"). Defendants' Motion is based on the Supreme Court's two-paragraph per curiam order in *Department of Education v. California*, No. 24A910, 2025 WL 1008354 (U.S. Apr. 4, 2025). As Plaintiffs will address in their forthcoming opposition brief, important factual and legal distinctions render the outcome in that case inapplicable to the status of the TRO at issue in the case at bar. Most notably, Plaintiffs

here will suffer immediate and irreparable harm. Unlike the plaintiff states in the *Department of Education* case, who have committed to keeping the programs at issue running and have represented to the court that they have the "financial wherewithal" to do so, Plaintiffs will be unable to continue programming and will face other institutional harm—including staff layoffs, turning away clients, winding down programs, and complete closure—if the TRO is displaced. *Compare id.* ("Respondents have represented in this litigation that they have the financial wherewithal to keep their programs running."), *with* Dkt. 5 and attachments thereto (laying out the harm Plaintiffs will suffer due to grant termination). This material distinction and others support leaving the TRO in place and permitting Plaintiffs' claims to proceed, including both briefing on the propriety of a preliminary injunction and production of the administrative record.

 Mindful of the timely nature of the issues presented in Defendants' Motion, Plaintiffs propose filing an expedited opposition brief on or before April 14.

Dated: April 8, 2025         Respectfully submitted,

       */s/ Lila Miller*
       Lila Miller*
       Reed Colfax*
       Zoila Hinson*
       Rebecca Livengood*
       Yiyang Wu*
       Robert Hunter*
       RELMAN COLFAX PLLC
       1225 19th Street, N.W., Suite 600
       Washington, D.C. 20036
       Tel: (202)728-1888
       Fax: (202)728-0848
       rlivengood@relmanlaw.com
       rcolfax@relmanlaw.com
       zhinson@relmanlaw.com
       lmiller@relmanlaw.com
       ywu@relmanlaw.com

rhunter@relmanlaw.com

Daniel Ordorica (BBO # 705729)
HEISLER, FELDMAN, & ORDORICA, P.C.
293 Bridge Street, Suite 322
Springfield, MA 01103
Tel: (413)788-7988
Fax: (413)788-7996
dordorica@hfmgpc.com

*Admitted pro hac vice*

*Counsel for Plaintiffs*

## **LOCAL RULE 7.1 CERTIFICATION**

I hereby certify that I conferred with counsel for Defendants, who do not assent to the proposed briefing timeline.

Dated: April 8, 2025                                        */s/ Lila Miller*
                                                             Lila Miller

## CERTIFICATE OF SERVICE

I, Lila Miller, hereby certify that that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing to be served upon counsel of record by email.


Dated: April 8, 2025                              */s/ Lila Miller*
                                                  Lila Miller