UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS FAIR HOUSING CENTER; INTERMOUNTAIN FAIR HOUSING COUNCIL; SAN ANTONIO FAIR HOUSING COUNCIL, INC., d/b/a FAIR HOUSING COUNCIL OF SOUTH TEXAS; and HOUSING RESEARCH AND ADVOCACY CENTER, d/b/a FAIR HOUSING CENTER FOR RIGHTS & RESEARCH, INC., *on behalf of themselves and all those similarly situated*,<br><br>        Plaintiffs,<br><br>v.<br><br>THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; SCOTT TURNER, *in his official capacity as Secretary of Housing and Urban Development*; U.S. DOGE SERVICE; U.S. DOGE SERVICE TEMPORARY ORGANIZATION; and AMY GLEASON, *in her official capacity as Acting Administrator of U.S. DOGE Service and U.S. DOGE Service Temporary Organization*,<br><br>        Defendants. | Case No. 3:25-cv-30041-RGS |

**PLAINTIFFS' ASSENTED-TO MOTION FOR A STAY**

Plaintiffs Massachusetts Fair Housing Center (MFHC), Intermountain Fair Housing Council (IFHC), San Antonio Fair Housing Council, Inc., d/b/a Fair Housing Council of South Texas (FHCST), and Housing Research and Advocacy Center, d/b/a Fair Housing Center for Rights and Research (HRAC), on behalf of themselves and those similarly situated (collectively "Plaintiffs"), hereby move to stay this matter pending appeal.

On April 14, this Court allowed a Motion to Dissolve the Temporary Restraining Order ("TRO") and Stay Proceedings by Defendants the Department of Housing and Urban

1

Development ("HUD"), Secretary Turner, U.S. DOGE Service, U.S. DOGE Service Temporary Organization, and Acting Administrator Gleason (collectively "Defendants"). *See* ECF 42 (hereinafter "Dissolution Order"). By this Motion, Plaintiffs seek to stay all District Court proceedings while Plaintiffs pursue an appeal of the Dissolution Order.

Consistent with Local Rule 7.2, Plaintiffs conferred with Defendants regarding this request, and Defendants assent to a stay.

The Court's Dissolution Order stated that it was "merely deferring (as it must) to the Supreme Court's unmistakable directive that, for jurisdictional purposes, the proper forum for this case is the Court of Federal Claims." *Id.* This reasoning also appears to resolve the jurisdictional question as it applies to Plaintiffs' planned motion for a preliminary injunction, which similarly would have been grounded in Plaintiffs' Administrative Procedures Act ("APA") claim against HUD. In recent days, however, district courts within the First Circuit have split on whether the Supreme Court's decision in *California* means that the proper forum for APA claims arising from a federal funding freeze is the Court of Federal Claims.[1] Because the Dissolution Order appears to resolve the availability of preliminary relief in this action, and because the split across district courts warrants the guidance of the First Circuit, Plaintiffs intend to seek expedited interlocutory review.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself,

---

[1] *Compare id.* with *Maine v. U.S. Dep't of Agric.*, --- F. Supp. 3d --- 2025 WL 1088946 at *1 (D. Me. Apr. 11, 2025) (rejecting federal government's jurisdictional challenged based on *Dept. of Educ. v. California* and granting TRO for APA claims arising from a federal funding freeze); *New York v. Trump*, No. 1:25-cv-39, 2025 WL 1098966 (D.R.I. Apr. 14, 2025) (similarly rejecting jurisdictional challenge based on *California* and denying stay of order enforcing preliminary injunction).

counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004) ("It is apodictic that federal courts possess the inherent power to stay proceedings for prudential reasons."). It is thus appropriate to grant a stay "where it is likely to conserve judicial and party time, resources, and energy." *Bank of Am., N.A. v. WRT Realty, L.P.*, 769 F. Supp. 2d 36, 39 (D. Mass. 2011) (internal quotation marks omitted)).

      Here, a stay pending appeal is appropriate for four reasons. First, because they face irreparable harm without their FHIP awards, Plaintiffs intend to seek expedited review of the jurisdictional issue, meaning that any stay would likely be short. Second, Defendants face no risk of harm, as the TRO is not currently in place, and Plaintiffs do not seek to stay the Dissolution Order itself. Third, Plaintiffs' appeal presents a serious legal question, the resolution of which will determine the scope and forum for Plaintiffs' claims. Fourth, a stay will promote judicial economy and conserve the Court's and the Parties' resources. Plaintiffs separately assert an *ultra vires* claim against the DOGE Defendants, which stems from the same facts but is not implicated by the jurisdictional question at issue in the Dissolution Order. In the absence of a stay, Defendants would need to file responsive pleadings, and the *ultra vires* claim could proceed to discovery, yet such proceedings would have to be repeated if Plaintiffs were to prevail on their appeal. Staying proceedings now will prevent any such needless duplication.

      In sum, the circumstances warrant a brief stay of this matter while Plaintiffs pursue expedited review from the First Circuit. *See, e.g.*, *Republic Maximal LLC v. Romulus Cap. Partners II, LLC*, 754 F. Supp. 3d 264, 271 (D. Mass. 2024) ("[O]n motions for stay pending appeal . . . the movant need only present a substantial case on the merits when a serious legal

question is involved and show that the balance of the equities weighs heavily in favor of granting the stay." (citation omitted)).

Plaintiffs thus respectfully request a stay of District Court proceedings in this matter pending the resolution of Plaintiffs' forthcoming interlocutory appeal.

Dated: April 15, 2025                                   Respectfully submitted,


*/s/ Lila Miller*
Lila Miller*
Reed Colfax*
Zoila Hinson*
Rebecca Livengood*
Yiyang Wu*
Robert Hunter*
RELMAN COLFAX PLLC
1225 19th Street, N.W., Suite 600
Washington, D.C. 20036
Tel: (202)728-1888
Fax: (202)728-0848
rlivengood@relmanlaw.com
rcolfax@relmanlaw.com
zhinson@relmanlaw.com
lmiller@relmanlaw.com
ywu@relmanlaw.com
rhunter@relmanlaw.com

Daniel Ordorica (BBO # 705729)
HEISLER, FELDMAN, & ORDORICA, P.C.
293 Bridge Street, Suite 322
Springfield, MA 01103
Tel: (413)788-7988
Fax: (413)788-7996
dordorica@hfmgpc.com

*\* Admitted pro hac vice*

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Lila Miller, hereby certify that that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing to be served upon counsel of record by email.

Dated: April 15, 2025                                    /s/ Lila Miller
                                                        Lila Miller