UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTES

**Massachusetts Fair
Housing, et al.,
Plaintiffs,**

v.                                                                          Case No. 3:25 -cv- 30041

**United States Dept.
of Housing and Urban
Development, DOGE,
et al.,
Defendants.**

---

MOTION BY PERSPECTIVE
PLAINTIFFS FOR JOINDER AS
PLAINTIFFS IN THE
INSTANT ACTION
w/ MEMORANDUM OF LAW
IN SUPPORT
AND
MOTION FOR LEAVE TO
AMEND AS BIVENS ACTION
Simultaneously filed

---

Pursuant to Fed. Rules of Civil Procedure 20, Plaintiffs Brandon Price, Arvid Crumpton, Zoe Donndelinger, and Dwayne Anderson, proceeding Pro Se and through Representative Plaintiff Price, respectfully move to join Price, Crumpton, Donndelinger, and Anderson as Plaintiffs in this case, and for such other and further relief as the Court seems just and proper.
In support, Price, Crumpton, Donndelinger, and Anderson submit their Memorandum of Law, and their Motion for Leave to Amend, pursuant to Rule 15, Fed.R.Civ.P.

I. **Background and Proposed Changes to Class Complaint**

---

On March 13, 2025, the Massachusetts Fair Housing Center, along with the Intermountain Fair Housing Council, the San Antonio Fair Housing Council, Inc., d/b/a Fair Housing Council of Texas and Housing Research and Advocate Center for Rights & Research, Inc., on behalf of themselves and all those similarly situated, filed the instant Class Action Complaint against the Dept. of Housing and Urban Development (HUD), the Secretary of HUD, Scott Turner, U.S. DOGE Service, U.S. DOGE Service Temporary Organization, and Amy Gleason, as Acting Administrator of DOGE. The Prospective Plaintiffs now move the Court for permission to join

1

the action as Plaintiffs pursuant to Fed.R.Civ.P. 20. Plaintiffs propose two procedural revisions to the existing Complaint:
the addition of a signature block for the Plaintiffs, and the addition of Plaintiffs to the captions. The Caption would be changed to include Brandon Price, Arvid Crumpton, Zoe Donndelinger, and Dwayne Anderson. In addition, a signature block identical to the one in this Motion would be added.

Rule 20 contemplates that non-party "[p]ersons may join in one action as Plaintiffs" in cases such as this, where Plaintiffs seek relief common to the existing Plaintiffs, and based on "question of law or fact common to all Plaintiffs."

## II.    Meet and Confer

Plaintiffs, as Pro Se Litigants, do not have access to DOGE's representative(s) in order to meet and confer. Moreover, DOGE's representative would simply ignore such attempt to meet and confer, citing that none of the prospective Plaintiffs are attorneys and/or parties in this case. That is why Plaintiff Price had, as a method of safeguarding prospective Plaintiffs rights, sent an April 18, 2025 email from (price.brandon58@yahoo.com) to the attorney believed to be counsel of record for the Plaintiffs, Daniel Ordorica (email: dordorica@hfmgpc.com), regarding us being joined as Plaintiffs in this case and supplying pertinent facts. However, the entire email had disappeared after sending it to attorney Ordorica and could not be located in any of Plaintiff Price's email folders. Therefore, on April 21, 2025, Plaintiff Price sent respective emails to the following listed attorneys also believed to be Counsel's of record for the Plaintiffs: Lila Miller, Reed Colfax, Zoila Hinson, Yiyang Wu, and Robert Hunter, therein supplying the facts common to the existing case. However, neither of the named attorneys replied for the meet and confer and thus our attempt to meet and confer has been satisfied here because said attorneys ignoring such.

## III.    Authority

A. F.R.CP. 20 Permits Joiner of Additional Plaintiffs

Rule 20 is titled "Permissible Joinder of Parties," and provides in pertinent part:

(a) Persons Who May Join or be Joined.

(1) Plaintiffs. Persons may join
in one action as Plaintiffs if:
(A) they assert any right to
relief jointly, severally, or in
the alternative with respect
to or arising out of the same
transaction, occurrence, or
series of transactions or
occurrences; and

2

(B) any question of law or fact common to all Plaintiffs will arise in the action.

Here, Plaintiffs seek to join as Plaintiffs because we assert equivalent rights to relief arising out of the same series of transactions or occurrences, and under questions of law or fact common to all plaintiffs in this action.

### IV.   Defendants Are Not Prejudiced by the Joinder of Prospective Plaintiffs

Defendants will not be prejudiced by the Joinder because this is a Class Complaint that have recently became known to the Plaintiffs.

### V. Joinder is Timely and Will not Cause Delay and Serves the Interest of Justice

Plaintiffs are filing this Motion for Joinder less than two months after the original complaint was filed. Joining the Plaintiffs is timely and will not cause any delays. As previously stated, the Plaintiffs recently learned of this Class Complaint.

## AMENDED FACTS OF PERSPECTIVE PLAINTIFFS

First, Plaintiffs provide a brief description of the original Plaintiffs facts in this case common to the Perspective Plaintiffs facts, which state in pertinent part are as follow: (1) "In 1968, Congress adopted the Fair Housing Act (FHA) to enshrine a policy of the "highest priority": to provide for fair housing throughout the United States. Over the last five and half decades, one of the primary shepherds of this priority policy has been the network of fair housing organizations guarding against housing discrimination and advancing equal housing opportunities in every state of the Union. (Complaint, at No.1). (2) On February 27, 2025, Defendants HUD arbitrarily and without notice, reason, or sensible explanation terminated 78 Fair Housing Initiatives Program (FHIP) grants, a primary source of funding for Fair housing organizations in 33 states. The advocacy, enforcement, education and outreach, counseling, and training that has been the bulwark against housing discrimination and segregation for decades was immediately and suddenly compromised. (Complaint, at No. 2). (3) The FHIP grants program originated from Congress's recognition of the central role of fair housing organizations in combating housing discrimination and was designed to help those organizations accomplish their critical fair housing missions. Every year since the program was created, Congress has appropriated ten of millions to the program, and HUD has provided those funds to organizations that have used the money to identify and counteract various forms of housing discrimination, Counsel people seeking fair housing, educate the public about fair housing law, and enforce the nation's fair housing protection. As HUD has managed the program over the years, it has enshrined the FHA's statutory priorities in regulations and grant-related documents, and it has carefully monitored fair housing groups' efforts to achieve those priorities. (Complaint, at No. 3). (4) The Named Plaintiffs and the Class of organizations they represent have all used FHIP grants to ensure that

individuals and families in the communities they serve can find and maintain safe, affordable, and accessible housing free from discrimination. (Complaint, No. 4).(5) The effects on the organizations have dire consequences for the communities they serve. Many class members operate in states where no other organization engaged in such work, and many serve communities that are often overlooked and underserved: rural areas, low-income neighborhoods, immigrant groups, veterans, and people with disabilities. (Complaint, at No. 5). (6) The inexplicable, unexpected, and abrupt cancellation of FHIP grants at 66 organizations came through a form letter explaining that HUD was terminating the grants "at the direction of [the] Dept. of Government Efficiency" (DOGE), "pursuant to" the executive order establishing that body. HUD then said the grants were being terminated because they "no longer effectuate the program goals or agency priorities. (Complaint, at No. 7). (7) In the FHA, Congress explained the purpose of FHIP grants: they exist to expand enforcement of the FHA by enabling fair housing groups to identify and remedy "discrimination in public and private real estate markets and real estate-related transactions," developed ways of respond[ing] to new or sophisticated forms of discrimination," bring enforcement capacity to underserved areas of the country, and conduct education and outreach to tell people that the FHA exists, that they must follow it, and that it protects them; 42 U.S.C. § 3616a. The Plaintiffs' activities under these grants effectively implement those exact purposes. (Complaint, at No. 8). (8) DOGE has no authority to direct HUD to cancel grants, nor does HUD have any authority for accepting DOGE's grant-related directives. (Complaint, at 9).

The Plaintiffs' Amended Facts and Bivens Claim hereto are as follows:

A Bivens Action is a lawsuit for damages when a federal officer who is acting in color or Federal authority violate the United States Constitution. See Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

1. On February 21, 2022, Plaintiff Anderson filed with the CEO of the Memphis Housing Authority, Dexter Washington, and Application for the Housing Choice Voucher Program (HCVP), also known as Section 8 Voucher, due to Plaintiff Anderson's being homeless, his HCVP application was sent via U.S. mail on said date to CEO Washington from 1495 Dunlap Orphanage Road - Brighton, TN. 38011, which the HCVP application was accompanied by a cover-letter explaining that said application was being mailed to him (Washington) due to a previous HCVP application of Plaintiff Anderson filed with MHA had been concealed by the MHA employees. Nevertheless, CEO Washington has willfully, and unlawfully concealed Plaintiff Anderson's said HCVP application, thereby prompting Plaintiff Anderson to file, on March 25, 2022, a formal Request for an Investigation with-then Secretary of HUD into the described unlawful acts of MHA's CEO, with regard to the MHA's wrongdoing in handling Applications for Section 8 Vouchers, a federally funded program. Nevertheless, the Secretary of HUD covered up the matter. Therefore, Plaintiff Anderson had subsequently filed with the Department of Justice a request for a criminal civil rights investigation into the criminal acts of cover up of Plaintiff Anderson's HCVP applications, but such was covered up by the DOJ.

2. On January 21, 2024, Plaintiff Anderson had, at the local level, filed via email, on behalf of himself, Plaintiff Arvid Crumpton, and other homeless citizens of Memphis, TN, with a Commissioner of the Shelby County (Memphis, TN.) Commission, Britney Thornton, a request

4

for an investigation into the MHA for its described acts, which said investigation request to Commissioner Thornton was prompted by Commissioner Thornton having appeared on a local News Media station regarding homelessness, which Plaintiff Anderson had pointed out to her of her having appeared on said news outlet about homelessness. Nevertheless, Commissioner Thornton purported that she could not do anything about the wrongdoing within MHA, despite being a Shelby County Commissioner with this new information of MHA's described acts.

3. On March 20, 2025, Plaintiffs Brandon Price and Zoe Donndelinger, together attended a scheduled town hall meeting by U.S. Congressman Steve, which was held in Memphis, TN., and for any issues we have regarding violations of our rights, among other things, during which we, Plaintiffs Price and Donndelinger, pointed out to Congressman Cohen the DOJ's cover up of our evidence of, among other things, the described wrongdoing within MHA and HUD, which are violations of 18 U.S.C. § 241 (Conspiracy against Rights), 18 U.S.C §242 (Deprivation of Rights), and 18 U.S.C. 4 (Misprision of Felony), and the violations of our rights as Pro Se Litigants. Nevertheless, Congressman Cohen simply stated in response, "we can't resolve that problem."

4. On March 25, 2025, Plaintiff Price filed with U.S. Senator Marsha Blackburn a formal Petition for a Senate Investigation into criminal acts and corruption involving a former U.S. District Attorney General's cover up of Plaintiff Anderson's 2023 Request for Criminal Civil Rights Investigation involving HUD's described acts. Also pointing out DOJ's said cover up of HUD's described acts. Nevertheless, Senator Blackburn has concealed said Senate Investigation Petition.

5. On April 3, 2025, Plaintiff Anderson filed, via HUD online Complaint Form, on his behalf and on behalf of Plaintiffs Price, Crumpton, Donndelinger, a Request for an Investigation with the current Secretary of HUD, Scott Turner, into the matters described in No. 1, of the Amended Facts, therein reiterating the said previous and ongoing wrong in MHA and HUD and to have this now-known and new evidence presented to the Secretary of HUD thoroughly, criminally, and, promptly investigated by the Office of Inspector General of HUD. On April 3, 2025, Plaintiff Anderson received an email from the Federal Housing Administration (FHA) which was simply an acknowledgement of receipt of said complaint for an investigation and assigning the complaint a reference number, which is 06891484. On April 4, 2025, Plaintiff Anderson received another email from the FHA in response to the subject complaint, wherein the response was a perfunctory type of response. The FHA's response failed to address any of the facts presented by Plaintiff Anderson, which was pointed out by Plaintiff Anderson in his April 4, 2025, email in response.

6. As a result, Plaintiffs Price, Crumpton, Donndelinger, and Anderson remain Homeless, which we have to find different places outside to sleep, which includes sleeping in abandoned houses and buildings.

## AMENDED CAUSED OF ACTION
## OF PERSPECTIVE PLAINTIFFS

The Perspective Plaintiffs are asserting the same causes of action as asserted in the Class Complaint and assert that Secretary Scott Turner's terminations of FHIP grants, at the directives

of DOGE, coupled with the amended facts of HUD's cover ups regarding the HCVP applications and HUD's knowledge of previous cover ups by HUD, and the DOJ, have deprived Plaintiffs Price, Crumpton, Donndelinger, and Anderson of the following rights: (A) Having access to Fair Housing Groups; (B) Right to Access Government Benefits by interfering with Plaintiffs' rights individuals to Access government programs, as the Section 8 Voucher program is a form of assistance provided to low-income individuals; (C) Due Process under the Fifth Amendment to the U.S. Const., which guarantees fair treatment and the right to be heard, by HUD's concealment which prevented us from challenging the housing authority's decision, although no decisions were made; (D) Equal protection under the Constitution, by HUD's unequal treatment by the difference in our treatment based on our socioeconomic status and and access to housing resources; (E) Transparency and Accountability was violated when HUD concealed information about MHA's wrongdoing as a local Housing Authority, which administers the HCVP through federal funding; and (F) The Privacy Act of 1974, which this Act grants individuals the rights to access and correct records held by the federal government, including HUD's concealment involving withholding or manipulating information about voucher applications.

## Commonality and Predominance

The Perspective Plaintiffs are asserting the Commonality and Predominance asserted by the original Plaintiffs on the proposed class because such raise questions of law and fact that are common to the perspective plaintiffs and predominate over questions affecting only individual members.

## REQUESTED RELIEF

1. Plaintiffs request the same requested relief by the original Plaintiffs.

2. Additionally, issue an injunction enjoining HUD's described unconditional and criminal practices of concealing MHA's wrongdoing.

3. Award Plaintiffs Price, Crumpton, Donndelinger, and Anderson $50,000,000 in Compensatory damages for the Physical, mental and emotional damages received as a result of HUD's violations.

4. Award Plaintiffs Price, Crumpton, Donndelinger, and Anderson $100,000,000 in Punitive Damages against Secretary Scott Turner and Defendant Amy Gleason.

5. Order other relief this Court deems just and appropriate.

Respectfully submitted,

Brandon Price, Representative

of Perspective Plaintiffs, and
on behalf of Perspective
Plaintiffs Arvid Crumpton,
Zoe Donndelinger, and
Dwayne Anderson
6751 Stockport Cove
Memphis, TN. 38141
Phone No: (901) 498-3621
Price.brandon58@yahoo.com

## CERTIFICATE OF SERVICE

I, Brandon Price, hereby certify that the true and exact copy of the foregoing has been sent on this 28 day of April 2025, via Certified Mail to:

United States District Court
For the District of Massachusetts
Office of the Clerk
1 Courthouse Way
Boston, MA 02210

and

Daniel Ordorica (BBO #705729)
Attorney for Original Plaintiffs
293 Bridge Street
Suite 322
Springfield, MA 01103

_____
Brandon Price
Representative