UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Massachusetts Fair
Housing, et al.,
Plaintiffs,

v.                                                               Case No. 3:25 -cv- 30041

HUD, DOGE, et al.,
Defendants.

---

### PERSPECTIVE PLAINTIFFS MOTION FOR APPOINTMENT
### OF CLASS COUNSEL WITH MEMORANDUM IN SUPPORT

---

Comes now, the Perspective Plaintiffs in the above-entitled matter, hereby move this Court to Appoint Class Counsel for the Perspective Plaintiffs, pursuant to Rule 23(g), of the Fed.R.Civ.P., for the reasons that follow.

### SUMMARY OF CASE

This case involves four fair housing non-profit organizations and sought class of "all Fair Housing Initiatives Program (FHIP) grantees who had grants terminated based on a decision, as communicated through a February 27, 2025 form letter, to terminate the grants pursuing to Executive Order 14158, at the direction of the U.S. Dept. of Government Efficiency (DOGE), on the basis that the grant award 'no longer effectuates the program goals or agency priorities.'" Therefore, the original Plaintiffs sued HUD, U.S. DOGE Service, the U.S. DOGE Service Temporary Organization, and those departments' leadership under the Administrative Procedure Act (APA). Plaintiffs filed emergency motions for a temporary restraining order (TRO) and class certification. This Court granted Plaintiffs a 14-day TRO on March 26, 2025. On April 7, 2025, the Defendants filed a Motion to Dissolve the TRO, which Plaintiffs opposed on April 11, 2025. On April 14, 2025, the Court granted the Defendants' Motion to Dissolve. On April 15, 2025, the Plaintiffs filed an assented-to motion seeking a stay of district court proceedings pending the Plaintiffs' forthcoming appeal. The district court granted the stay the same day. On April 16, 2025, the Plaintiffs filed a notice that it was appealing the district court's order granting the Defendants' motion to dissolve the TRO. This case is ongoing.

On March 28, 2025, the Perspective Plaintiffs filed in this case Motion for Joinder in the instant action and a Motion for Leave to Amend as Bivens Action, simultaneously, which Plaintiff Price is the Class representative at this stage. First, the Perspective Plaintiffs have recently learned of the instant action several days before filing their motion to join as Plaintiffs. Prior to that, the attorneys appointed to represent the original Plaintiffs were emailed by Plaintiff Anderson and

1

Price in April, 2025, within which presented sufficient facts demonstrating how their rights were violated by the termination of the subject grants, where, as purported by the original Plaintiffs, "Congress's recognition of the central role of fair housing organizations in combating housing discrimination and was designed to help those organizations accomplish their critical fair housing missions," and also the other described violations committed by HUD regarding the Plaintiffs' rights to access government benefits by interfering with Plaintiffs' rights to access government programs, i.e., the Housing Choice Voucher Program (HCVP), also known as Section 8 Voucher Program, preventing transparency and accountability by concealing presented information about the Memphis Housing Authority's wrongdoing in connection with applications for a Section 8 Voucher, Due Process and Equal Protection violations, and of the Privacy Act of 1974.
However, Plaintiff Anderson received an email dated April 24, 2025 from Megan Russo, of Relman Colfax PLLC, in response to Plaintiffs Anderson and Price's said email regarding being joined as Plaintiffs in this case, which states in pertinent part, "Thank you for contacting Relman Colfax concerning your claim; I am very sorry to inform you that we will not be able to provide you with representation." (See Letter of April 24, 2025, from Relman Colfax attached as Exhibit A). As is abundantly clear from said letter, Relman Colfax gave our Facts for joining the complaint with no consideration. In fact, the entire set of facts presented were omitted by Relman Colfax to make it appear as if they were presented with a claim not relative to the Class Action. That is not the case here. The Perspective Plaintiffs are the very type of people who the Fair Housing organizations purport to help and having their grants terminated prevent the organizations from providing the purported help.

Rule 23(g), Fed.R.Civ.P. addresses the appointment of class counsel when the Court certified a class action. The Perspective Plaintiffs class are so numerous that Joinder of all members are impracticable, because HUD's described violations are systemic. In the instant case, the Court has already appointed Class Counsel(s) for the original Plaintiffs.

## CONFLICTS OF INTEREST

Conflicts of interest in class counsel appointments can arise when the attorney's obligations to the class members clash with other professional and personal interests. Courts take these conflicts seriously because class counsel must fairly and adequately represent all class members, not just a select few. A conflict of interest has already occurred in this case where the attorneys for the original Plaintiffs have omitted facts common to the original class to prevent the Perspective Plaintiffs from joining this case. The commonality in this matter is the termination of the subject grants.

## **PRIOR OR CUERRENT REPRESENTATION**

If the attorney representing another with interest adverse to the class, it could create a conflict. Therefore, the said omission of presented facts shows an adverse interest to the class.

## EXPERIENCE & QUALIFICATIONS

The proposed counsel must demonstrate expertise in class action litigation and relevant legal issues. Neither of the Perspective Plaintiffs have expertise in class action litigation.

## WORK DONE ON THE CASE

The attorney should make a substantial effort in investigating claims and preparing the case. Here, it has been shown that the original Plaintiffs have successfully obtained a TRO. However, the TRO does not protect the Perspective Plaintiffs because: (1) the attorneys had no prior knowledge of the perspective Plaintiffs when they were granted a TRO, and (2) Because of the attorneys' said omission of Perspective Plaintiffs' presented facts to be joined in this case, the TRO does not and has not had the authority to protect the Perspective Plaintiffs' from the violations visited upon them by HUD.

## RESOURCES & COMMITMENT

The counsel must have financial and personnel resources to handle the litigation effectively. This is not a single-plaintiff lawsuit. Neither of the Perspective Plaintiffs have the resources nor committed personnel for a class action. Moreover, the attorney must be capable of representing all class members equitably.

## KNOWLEDGE OF APPLICABLE LAW

The proposed counsel should have a strong understanding of the legal framework governing the claims.

Based upon the foregoing, the Court should appoint the Perspective Plaintiffs as class counsel to afford the Plaintiffs due process.

Respectfully submitted,

*/s/ Brandon Price*
Brandon Price, on behalf
of self and all other
Perspective Plaintiffs
6571 Stockport Cove
Memphis, TN. 38141

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been sent on the 9th day of May, 2025, via first-class prepaid postage to:

United States District Court
District of Massachusetts
Office of the Clerk
1 Courthouse Way
Boston, MA 02210

Daniel Ordorica (BBB #705729)
Atty. for Original Plaintiffs
293 Bridge Street
Suite 322
Springfield, MA 01103

Brandon Price,

Perspective Plaintiffs
6571 Stockport Cove
Memphis, TN. 38141