UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Massachusetts Fair
Housing Center, et al.,
Plaintiffs,

v.

Case No. 3:25 -cv- 30041

U.S. Department of
Housing and Urban
Development, et al.,
Defendants.

## PERSPECTIVE PLAINTIFFS MOTION FOR RECONSIDERATION

The Perspective Plaintiffs, in the above-entitled, hereby file with this Court, via Representative/Plaintiff Brandon Price, the instant Motion for Reconsideration, pursuant to Rule 59(e), Fed.R.Civ.P., for the following reasons.

By Order entered on May 19, 2025, in this matter, the Court denied the Perspective Plaintiffs' Motion for Joinder on the basis that "The Court lacks jurisdiction to change the status quo while this case is on appeal before the First Circuit." It is unclear to the Perspective Plaintiffs what is meant by the purporting that the Court lacks jurisdiction to change the status quo. First, it is abundantly clear that the original Plaintiffs are appealing only the portion of this case dealing with this Court's granting the Defendants' **Motion to Dissolve** the **Temporary Restraining Order** (TRO), which is an **Interlocutory Appeal** under **28 U.S.C. 1292(b)**.

Further, the Court's subject order states that "Representative/Plaintiff Price, a non-lawyer, May not represent any other individual accounts in this Court." The Perspective Plaintiffs must point out to this Court their pending Motion for Appointment of Class Counsel to represent the perspective plaintiffs' interest fairly and adequately in this matter. Moreover, and coupled with the Court's said error and deprivation of their said rights, this Court has completely failed to afford access to the Court, due process, and equal protection under the law on said motion. It is important to note, Plaintiff Price has not attempted to act as lawyer for the other named Perspective Plaintiffs but has proceeded on the other perspective plaintiffs' behalf in accordance with the law, i.e., filing the subject motion for joinder, and via the other Perspective Plaintiffs' authorization until a class counsel is appointed for us.

Based upon the foregoing, this Court, indeed, has **jurisdiction** over the Perspective Plaintiffs' Motion for Joinder because this case is still pending in this Court, and insofar as this Court saying "it lacks jurisdiction to change the status quo of the case while the case is on appeal," which is incomprehensible because this Court **still retains jurisdiction** over the **claims** asserted by the original Plaintiffs and therefore should have duly considered the perspective plaintiffs' subject motion for joinder. The Court denied the Perspective Plaintiffs' Motion for Joinder solely because of an Interlocutory Appeal dealing only with this Court's granting of the Defendants Motion to Dissolve the TRO, not the merits of the claims asserted, thereby **misapplying jurisdictional principles** and **denying** the Perspective Plaintiffs' **right** to have a **class counsel appointed**. Therefore, the Perspective Plaintiffs have been deprived of their **right of Access to the Court, Due Process right of an opportunity to be heard**, and **Equal**

**Protection under the Law**, under **the First and Fifth Amendments to the United States Constitution**.

Therefore, this Court order denying the Perspective Plaintiffs' Motion for Joinder must be **vacated** and class **counsel appointed**.

Respectfully submitted,

Brandon Price, Plaintiff/Representative
on behalf of self and other named
Perspective Plaintiffs
6571 Stockport Cove
Memphis, TN 38141

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been sent on this 28th day of May 2025, via Certified Mail to:

United States District Court
District of Massachusetts
Office of the Clerk
1 Courthouse Way
Boston, MA 02210

Daniel Ordorica (BBO #705729)
Attorney for Original Plaintiffs
293 Bridge Street
Springfield, MA 01103

_____
Brandon Price